# In the United States Court of Federal Claims

No. 14-600C

(E-Filed: October 27, 2014)

|  |  |  |
|---|---|---|
| PLUS MEDICAL, LLC, | ) ) | |
| Plaintiff, | ) ) | RCFC 55(c); Good Cause to Set Aside Default |
| v. | ) ) | |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) ) ) | |

Gregory N. Ullman, Pompano Beach, Fla., for plaintiff.

Gregg M. Schwind, Senior Trial Counsel, with whom were Joyce R. Branda, Acting Assistant Attorney General; Robert E. Kirschman, Jr., Director; and Steven J. Gillingham, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.

## ORDER

Presently before the undersigned is defendant's unopposed motion to vacate the Rule 55(a) default entered by the Clerk of Court, as well as defendant's unopposed motion for an enlargement of time in which to file its answer. For the reasons set forth below, the undersigned **GRANTS** defendant's motions.

I.   Background

Plaintiff filed its complaint on July 14, 2014, in which it alleges claims for breach of contract and an uncompensated taking of property. Compl. ¶¶ 29-33, ECF No. 1. Plaintiff requests damages and just compensation, with no specifics as to amounts. Id. at 9.

On July 15, 2014, the court notified plaintiff's counsel, Mr. Gregory Ullman, that it had no record of his admission to the Bar of the United States Court of Federal Claims, a requirement for practice in this court. See R. Ct. Fed. Cl. (RCFC) 83.1. The court afforded Mr. Ullman until October 2, 2014 to complete the admission process.

Defendant's answer was due on September 12, 2014, nearly three weeks before plaintiff's counsel's deadline for becoming a member of the court's Bar. See RCFC 12(a)(1)(A). Defendant did not file timely either an answer or a motion for extension of time in which to answer. On September 16, 2014, defendant's counsel appeared in this matter.

On September 30, 2014, Mr. Ullman completed the admission process. That same day, plaintiff moved for entry of default pursuant to Rule 55(a), as defendant "has failed to answer or otherwise defend." Pl.'s Mot. Default 1, ECF No. 11. Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." In accordance with the court's rules, the Clerk of Court entered default on October 2, 2014.

Five days later, on October 7, 2014, defendant filed a motion to vacate the default under Rule 55(c). Def.'s Mot., ECF No. 13. According to defendant, there is good cause to vacate the default because (1) defendant understood that the case was stayed until plaintiff's counsel was admitted to the court's Bar, (2) plaintiff failed to satisfy the Rule 55(a) requirement of showing that defendant "failed to plead or otherwise defend" the action, as defendant's counsel had entered an appearance, and (3) the Clerk of Court entered default prior to allowing defendant time to file a response to plaintiff's motion for default.[1] Id. at 2-3.

Defendant also seeks an enlargement of time until October 27, 2014 in which to respond to plaintiff's complaint. Id. at 3.

On October 15, 2014, plaintiff filed a brief response in which it stated, "[n]ow that Plaintiff has reviewed and considered Defendant's Motion, it withdraws its opposition." Pl.'s Resp., ECF No. 14.

II.     Legal Standard

---

[1] Contrary to the assertion of defendant's counsel, the Clerk of Court correctly applied Rule 55(a). Even if the court were to accept defendant's argument that an entry of appearance is sufficient to satisfy the Rule 55(a) requirement of "otherwise defend"—a position for which defendant provides no authority—the court cannot credit defendant for doing so; counsel did not enter his appearance until after the time to answer had expired. Nor does Rule 55(a) provide defendant an opportunity to respond. Rather, it requires the Clerk to enter default upon plaintiff's showing of defendant's failure to plead or otherwise defend.

The court's rules provide that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under RCFC 60(b)."[2]  RCFC 55(c).

Good cause is determined by a three-factor test that considers "whether (1) the default was willful, (2) the non-movant would be prejudiced if the default were set aside, and (3) the movant has raised a meritorious defense." Westec Co. v. United States, 32 Fed. Cl. 576, 578 (1995) (citing, inter alia, Jackson v. Beech, 636 F.2d 831, 836 (D.C. Cir. 1980)); accord Mohamad v. Rajoub, 634 F.3d 604, 606 (D.C. Cir. 2011); Dassault Systemes, SA v. Childress, 663 F.3d 832, 838-39 (6th Cir. 2011).

A movant is not required to satisfy all three elements in order to prevail; rather the court may balance the three factors to reach a decision.  See Westec Co., 32 Fed. Cl. at 578; accord Dassault Systemes, SA, 663 F.3d at 844.  As the court balances the factors, "all doubts are resolved in favor of the party seeking relief."  Jackson, 636 F.2d at 836; accord Dassault Systemes, SA, 663 F.3d at 844.

The Federal Circuit has stated that "trial on the merits is favored over default judgment and . . . close cases should be resolved in favor of the party seeking to set aside default judgment."  Info. Sys. & Networks Corp. v. United States, 994 F.2d 792, 795 (Fed. Cir. 1993).

III.   Discussion

Although defendant did not directly address the three factor analysis employed by this court, the limited record in this matter does provide sufficient information for the court to evaluate good cause.

---

[2]   A court may set aside a default judgment for, inter alia, excusable neglect on the part of the defaulting party.  RCFC 60(b)(1).  Good cause under Rule 55(c) and excusable neglect under Rule 60(b)(1) examine the same factors, although a stronger showing is required to set aside a default judgment under Rule 60(b)(1).  See Advanced Commc'n Design, Inc. v. Premier Retail Networks, Inc., 46 F. App'x 964, 969 (Fed. Cir. 2002) (citing Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783-84 (8th Cir. 1998)); accord Dassault Systemes, SA v. Childress, 663 F.3d 832, 839 (6th Cir. 2011); Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993).

"[I]nterpretation of the court's rules will be guided by case law and the Advisory Committee Notes that accompany the Federal Rules of Civil Procedure."  RCFC rules committee's note (2002), at 1.  RCFC 55(c) is identical to Fed. R. Civ. P. 55(c), and RCFC 60(b)(1) is identical to Fed. R. Civ. P. 60(b)(1).  Therefore, the court relies on cases interpreting both federal rules, as well as the court's rules.

Regarding the first factor, the Federal Circuit has provided explicit direction on what constitutes willful conduct in considering whether to set aside a default judgment under Rule 60(b)(1). The Federal Circuit counsels that when determining whether culpable conduct of the defaulting party led to the default, the inquiry is whether the defaulting party "intended to violate court rules and procedures." Info. Sys. & Networks Corp., 994 F.2d at 796. Thus "mere failure to answer" can fall within the definition of Rule 60(b)(1) excusable neglect, requiring a court to "inquire whether the defaulting party willfully declined to follow a court's rules and procedures." Id.; see Westec Co., 32 Fed. Cl. at 578 (finding default was not willful where attorney neglected to properly calendar due date); see also Sea Hope Navigation Inc. v. Novel Commodities SA, 978 F. Supp. 2d 333, 337 (S.D.N.Y. 2013) (interpreting "willfulness" in the context of a default to refer to conduct that is "more than merely negligent or careless"); Harvey v. Knight-Celotex, LLC, No. 13-cv-17, 2013 WL 6190433, at *5 (D. Me. Nov. 26, 2013) (finding default was not willful where defendant showed neither contempt for the court's procedures nor an effort to evade its authority).

In this case, defendant's counsel explained that his failure to defend resulted from his confusion regarding the status of the case. Counsel believed the case was stayed pending the admission of plaintiff's counsel to this court's Bar.

Counsel was mistaken, however. The court had not stayed the case.

Defendant's counsel has shown neither an intention to ignore this court's rules nor a contempt for the rules; nor does it appear that he has attempted to evade the court's authority. See, e.g., Info. Sys. & Networks Corp., 994 F.2d at 796; Harvey, 2013 WL 6190433, at *5. Rather, counsel appears to have made a mistake that, in the court's view, does not rise to the level of willfulness. This factor militates in defendant's favor.

The second factor of the analysis, prejudice to the non-movant, requires a showing of "'delay [that] will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" Dassault Systemes, SA, 663 F.3d at 842 (quoting INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc., 815 F.2d 391, 398 (6th Cir. 1987)). To this end, a showing of mere delay is insufficient to show prejudice. Id.; see also Westec Co., 32 Fed. Cl. at 579 (finding no prejudice where, inter alia, discovery had not begun and the non-defaulting party alleged no prejudice if the court set aside the default).

The delay occasioned by the default in this matter has been brief. Defendant's answer was due September 12, 2014, and defendant has sought leave to file its response by October 27, 2014. This six week delay does not endanger any evidence in this matter,

or imperil plaintiff's ability to obtain discovery.  See Dassault Systemes, SA, 663 F.3d at 842.  Moreover, the court infers, from plaintiff's election not to oppose defendant's request for additional time in which to respond, that plaintiff perceives no harm.  This factor also weighs in defendant's favor.

The third factor of the analysis is whether a meritorious defense has been raised.  Such defense is one that if established at trial, would be a complete defense to plaintiff's claims.  See Westec Co., 32 Fed. Cl. at 579.  In its motion, defendant was silent about its expectation to defend against either plaintiff's breach of contract or takings claims.  Defendant was further silent about its expectation to defend against plaintiff's general claim for damages or just compensation, should plaintiff prevail on liability.  Absent comment from defendant, the court cannot evaluate the merits of defendant's defense on this record.

On balance the court finds that defendant's default was not willful and plaintiff will suffer no prejudice from the attendant delay.  Defendant's silence on its defense, however, precludes a finding in defendant's favor on the third factor.  Yet, the court is mindful of the strong preference expressed in the case law for a judgment on the merits, rather than for a default triggered by a technical failure on the part of defendant.  See Info. Sys. & Networks Corp., 994 F.2d at 795.  For these reasons, the court decides that the overall balance of the analytical factors favors permitting defendant an opportunity to defend and thus, resolving this matter on the merits.

IV.   Conclusion

Pursuant to Rule 55(c), the entry of default is set aside.

Defendant's motion for an enlargement of time in which to file answer plaintiff's complaint is **GRANTED**.  Defendant shall file its answer no later than **Monday, November 10, 2014**.[3]

IT IS SO ORDERED.

    s/ Patricia Campbell-Smith
    PATRICIA CAMPBELL-SMITH
    Chief Judge

---

[3] Defendant is afforded an additional two weeks in which to file its Answer, in consideration of the filing date of this order.